UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| THOMAS OWENS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:14 CV 116 |
| SUPERINTENDENT, | ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

Thomas Owens, a *pro se* prisoner, filed this habeas corpus petition challenging the prison disciplinary hearing (MCF 13-12-173) held at the Miami Correctional Facility on December 20, 2013. The Disciplinary Hearing Body (DHB) found Owens guilty of Attempted Trafficking in violation of A-111/113, sanctioned him with the loss of 120 days earned credit time and demoted him to Credit Class 2. Owens raises four grounds in his petition.

First, he argues that he was denied the right to submit evidence because he was not given a transcript of phone conversations and kiosk requests. However, he did not ask for any telephone transcripts or kiosk requests when he was given notice of the charges against him. (*See* DE #1 at 30.) Rather, he merely asked that "phone calls be listened to."(*Id.*) The DHB did listen to the phone calls. (*See* DE #1 at 22 and 29.) Thus, though Owens did not hear the telephone calls, he was not denied the right to submit evidence to the DHB for its consideration. "[P]rison disciplinary boards are entitled to

receive, and act on, information that is withheld from the prisoner and the public . . . ."
*White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001).

Second, he argues that it was a violation of due process to find him guilty based on the reporting officer's opinion. In his third ground, he rephrases his second claim by arguing that the conduct report is speculative. Specifically, Owens is objecting to the reporting officer's statement: "It is this Investigators [sic] opinion that 27 suboxone, at a value of $75 a piece [sic] wouldn't have been sent to Hill without his knowledge and his agreement . . . ." (DE #1 at 13.) However, Owens was not found guilty based on that opinion about the value of suboxone or under what conditions a sender would be willing to send it to Offender Hill. Rather, he was found guilty based on staff reports, his own statement, the evidence of witnesses, and the physical evidence. (*See* DE #1 at 23.) Moreover, the formal rules of evidence do not apply to prison disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974) and *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Therefore, it was not a due process violation for the reporting officer to have expressed an opinion or speculated in the Conduct Report.

Fourth, Owens argues that he was charged with a fictitious code because "111/113" does not exist. However, it is the factual basis of the charge, not the name of it or the code number assigned to the violation that is relevant. *See Northern v. Hanks*, 326 F.3d 909, 911 (7th Cir. 2003). Here, the factual basis of the charge of attempted trafficking was clearly set forth in the Conduct Report. (*See* DE #1 at 13.) Therefore Owens has not presented any basis for habeas corpus relief.

Finally, Owens asks to be appointed counsel. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), *permits* the appointment of counsel in a habeas corpus case, if "given the difficulty of the case and the litigant's ability, [he] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have . . . a reasonable chance of winning with a lawyer at his side." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997) (brackets, quotation marks, and citation omitted). Here, Owens has not demonstrated that he has made any attempt to obtain counsel on his own. Nevertheless, he is literate and clearly knowledgeable about his case. However, his claims are simply meritless. There is no reason to believe he would have had a reasonable chance of winning if he had been represented by a lawyer. Therefore the request for counsel will be denied.

For the foregoing reasons, the request for counsel (DE #4) is **DENIED**. The habeas corpus petition is **DENIED** pursuant to Section 2254 Habeas Corpus Rule 4. This case is **DISMISSED**.

            **SO ORDERED.**

Date: February 24, 2015

            s/James T. Moody  
            JUDGE JAMES T. MOODY  
            UNITED STATES DISTRICT COURT